IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>ROWENA RUBY RUPINTA PIDOT,<br><br>Debtor.<br><br>―――――――――――――<br><br>ROWENA RUBY RUPINTA PIDOT,<br><br>Appellant,<br><br>v.<br><br>NIMA GHAZVINI, TRUSTEE,<br><br>Appellee. | CIV NO. 23-00302 JMS-RT<br><br>ORDER AFFIRMING ORDERS OF THE BANKRUPTCY COURT |

**<u>ORDER AFFIRMING ORDERS OF THE BANKRUPTCY COURT</u>**

## I.    <u>INTRODUCTION</u>

Appellant Rowena Ruby Rupinta Pidot ("Pidot") originally filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Hawaii ("Bankruptcy Court") on November 15, 2018. She later proceeded pro se, and on June 16, 2023, the Bankruptcy Court issued an Order Granting Trustee's Motion to Dismiss ("Dismissal Order"). And on July 5, 2023, the Bankruptcy Court issued an Order Denying Debtor's Motion to Reconsider

Order Dismissing Case ("Reconsideration Order").  Pidot appeals those two Orders pursuant to 28 U.S.C. § 158(a).  Finding no abuse of discretion, the Court AFFIRMS the Bankruptcy Court's Orders.

## II.     BACKGROUND

On November 15, 2018, Pidot filed a petition for relief under Chapter 13 of the Bankruptcy Code.  ECF No. 7 at PageID.224–231.  On February 12, 2019, at Pidot's request, the Bankruptcy Court converted her case to a Chapter 7 petition.  *Id.* at PageID.232–235.  Then, on August 29, 2019, again at Pidot's request, the Bankruptcy Court reverted her case back to a Chapter 13 petition which underlies this appeal.  *Id.* at PageID.242–248.

Pidot's Chapter 13 petition centers around curing defaulted mortgage payments on her property, located at 251 Noe Street, Kihei, Hawaii, 96753.  *Id.* at PageID.537.  Per the terms of her Chapter 13 plan, Pidot was required to make a series of monthly payments and provide tax returns on an annual basis to the Chapter 13 Trustee for District of Hawaii, Guam, and Northern Mariana Islands, Nima Ghazvini ("Trustee").  *Id.* at PageID.275–282.  In turn, the Trustee distributed those funds to cure Pidot's $103,559.27 in prepetition arrearages owed to mortgage creditor, Arvest Central Mortgage Company ("Arvest").  *Id.* at PageID.537.  Pidot was also required to make post-petition maintenance payments directly to Arvest.  *Id.* at PageID.277.

On February 1, 2022, after her counsel withdrew and appearing pro se, Pidot filed a motion to modify her plan. *Id.* at PageID.331–334. Trustee, in turn, filed a February 4, 2022 motion to dismiss Pidot's case based on delinquent payments totaling $13,529.10. *Id.* at PageID.335. In addressing this delinquency, Pidot sought an adjustment pursuant to 11 U.S.C. §§ 1329(a) and (d), stating she had been affected economically by the pandemic and requesting that her arrearage plan payment terms be extended from 60-months to 84-months under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and that any surplus escrow be applied to any post-petition loan balance. *Id.* at PageID.331–334. Over Arvest's objection, *id.* at PageID.336–339, the Bankruptcy Court granted Pidot's motion to modify her plan. *Id.* at PageID.340.

On March 31, 2022, Pidot filed yet another motion to amend her Chapter 13 plan. At this time, she had been delinquent in her post-petition mortgage payments by $28,942.88, as claimed in a simultaneous motion for relief by Arvest. *Id.* at PageID.295-301. Again, the Bankruptcy Court granted Pidot's plan amendment request, allowing her to increase her plan's funding from $156,488 to $188,023 to incorporate the $28,942.88 due to Arvest and amortize this debt over the remaining 53-months of the plan. *Id.* at PageID.356.

Despite the Bankruptcy Court's approvals of Pidot's plan modifications, Pidot continued to be delinquent in her payments the following

3

year.  And on February 24, 2023, Arvest filed another motion for relief, alleging Pidot failed to pay $10,669.18 in post-petition mortgage payments.  *Id.* at PageID.380.  And on March 8, 2023, the Trustee filed another motion to dismiss Pidot's Chapter 13 case, because she was delinquent by $10,335.08 in payments due the Trustee (separate from the payments due to Arvest) and had failed to provide her 2021 and 2022 tax returns, as required by the plan.  *Id.* at PageID.418.

On May 9, 2023, the Bankruptcy Court held a hearing on the Trustee's Second Motion to Dismiss.  *Id.* at PageID.435–440.  By this time, having made some payments, Pidot's delinquency to the Trustee was $1,635.08.  *Id.* at PageID.438.  The Bankruptcy Court continued the hearing to June 15, 2023 to give Pidot an opportunity to "catch-up" on her plan payments.  *Id.* at PageID.436.  Pidot, however, was not present at the June 15, 2023 hearing and her delinquency to the Trustee at that time had increased to $3,810.08.  *Id.* at PageID.482.  She had tendered a payment to the Trustee, but it was returned due to insufficient funds.  *Id.*  She also had still not provided her 2021 and 2022 tax returns to the Trustee by the time of the hearing.  *Id.*

Accordingly, on June 15, 2023, after many years of accommodating Pidot's various delinquencies and Chapter 13 plan amendments, the Bankruptcy Court issued its "Order Granting Trustee's Motion to Dismiss Case" ("Dismissal Order").  *Id.* at PageID.484.

On June 29, 2023, Pidot filed a Motion for Reconsideration, arguing that her failure to appear at the June 15, 2023 hearing was not willful but rather the result of poor hearing, attaching medical documentation purporting to support her claim. *Id.* at PageID.506–520. On July 5, 2023, the Bankruptcy Court issued its "Order Denying Debtor's Motion to Reconsider Order Dismissing Case" ("Reconsideration Order"), rejecting Pidot's arguments by citing to the transcript from the May 9, 2023 hearing when Pidot was twice informed about the June 15, 2023 hearing date and citing to Pidot's overall "poor track record of performance." *Id.* at PageID.524.

On October 10, 2023, Pidot, proceeding pro se, filed her Opening Brief in this appeal. ECF No. 5. And on October 11, 2023, she filed an Errata in support of her brief. ECF No. 6. On November 7, 2023, Trustee filed her Answering Brief along with excerpts from the record below. ECF No. 7. Pidot did not file a Reply Brief, which was due on November 22, 2023. Pursuant to Local Rule 7.1(c), the court decides this matter without a hearing. ECF No.8.

### III.   STANDARD OF REVIEW

The court reviews this Order dismissing a Chapter 13 bankruptcy case for an abuse of discretion. *In re Leafty*, 479 B.R. 545, 550 (B.A.P. 9th Cir 2012). "A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record." *Id.* (citing

*TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011); *see also In re Sobczak*, 369 B.R. 512, 516 (B.A.P. 9th Cir. 2007).

The court also "reviews a bankruptcy court's decision denying a motion for reconsideration for abuse of discretion." *In re Metro. Mortg. & Sec.*, 448 B.R. 527, 532 (D. Haw. 2011) (citing *In re O'Kelley*, 420 B.R. 18, 22 (D. Haw. 2009)); *see also First Ave. W. Bldg., LLC v. James (In re OneCast Media, Inc.),* 439 F.3d 558, 561 (9th Cir. 2006).

"The court reviews a bankruptcy court's conclusions of law *de novo* and its factual findings for clear error." *In re Metro. Mortg. & Sec., Co.*, 448 B.R. at 531–32 (citing *Konop v. Hawaiian Airlines, Inc.*, 411 B.R. 678, 682 (D. Haw. 2009)). "The bankruptcy court's findings of fact must be accepted unless the district court is left with the definite and firm conviction that a mistake has been committed." *Konop*, 411 B.R. at 682.

## IV.   DISCUSSION

The Bankruptcy Court did not abuse its discretion when issuing its Dismissal Order.  ECF No. 7 at PageID.484.  Pidot was required to maintain plan payments pursuant to 11 U.S.C. § 1322(b)(5) and to provide copies of her tax returns.  A failure to do so could result in the "material default of the plan," subjecting the case to dismissal.  *See, e.g., In re Mrdutt*, 600 B.R. 72, 81 (B.A.P. 9th Cir. 2019); *see also In re Silva*, 2022 WL 2340802, at *1 (9th Cir. June 29,

6

2022) (affirming dismissal of Chapter 13 bankruptcy action based on material default of the Chapter 13 plan); 11 U.S.C. § 1307(c)(6) ("[T]he court may …. dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including…. (6) material default by the debtor with respect to a term of a confirmed plan").

Record evidence establishes that Pidot's case was subject to dismissal. Section 2.1 of Pidot's (second amended) Chapter 13 Plan clearly states that "Debtor will make payments to the trustee…." ECF No. 7 at PageID.360–361. And Section 2.3 states:

> Income tax refunds. Debtor must give the trustee a copy of each income tax return filed during the plan term within 14 days after filing the return and must turn over to the trustee all income tax refunds received during the plan term, except to the extent that a refund is exempt, received on account of a child tax credit or earned income credit, or subject by law to setoff, recoupment, or similar disposition, to the extent permitted under 11 U.S.C. § 553.

*Id.* at PageID.361.

Accordingly, the requirements to (1) make payments and (2) furnish tax returns to the Trustee were "term[s] of a confirmed plan" for which Pidot was in material default, making her case subject to dismissal under Chapter 13 of the Bankruptcy Code. And the Bankruptcy Court did not abuse its discretion in granting the Trustee's Second Motion to Dismiss which demonstrated Pidot was

(1) not staying current on plan payments,[1] and (2) not submitting tax returns/refunds.  ECF No. 7 at PageID.418.

The Bankruptcy Court furthermore did not abuse its discretion by denying Pidot's motion for reconsiderations.  Pidot appears to argue that her "due process rights" were violated when the Bankruptcy Court adjudicated the Motion to Dismiss without Pidot's presence at the June 15, 2023 hearing, and when it refused to reconsider the matter despite her submitting evidence of medical conditions which could have led to her mishearing the hearing date.  ECF No. 5 at PageID.80–81.  Although Pidot may have a difficult time with her hearing, on May 9, 2023, the Bankruptcy Court told her—twice—that the next hearing was set for June 15, 2023 (at 9:30 a.m.).  ECF No. 7 at PageID.436–437.  Pidot said "thank you" and did not ask then, or later, for clarification regarding that court date.  *Id.* at PageID.437.

---

[1] Pidot argues that she may not have been in default, because there is a discrepancy in her loan payment history.  ECF No. 5 at PageID.79.  She submits a copy of her Arvest "Loan History Summary," inquiring as to the whereabouts of the "unapplied amount" of her payments when making this argument on appeal.  ECF No. 6 at PageID.121 ("Exhibit D").

This court, however, can only review the record evidence that the Bankruptcy Court relied upon when issuing its Orders.  *See* Fed. R. Bankr. P. 8006.  "The record on appeal is determined by Bankruptcy Rule 8006 which has been construed to mean that the record on appeal should contain all documents and proceedings considered by the court below." *In re Blumer*, 95 B.R. 143, 147 (B.A.P. 9th Cir. 1988).  Because Loan History Summary (Exhibit D) does not appear to be part of the record below, this court "cannot consider" it on appeal. *In re Yepremian*, 116 F.3d 1295, 1297 (9th Cir. 1997). *See also In re CPDC, Inc.*, 337 F.3d 436, 443 (5th Cir. 2003) (reiterating that Rule 8006 "does not permit items to be added to the record on appeal to the district court if they were not part of the record before the bankruptcy court") (citations omitted).

8

Without a "definite and firm conviction that a mistake has been committed," this court cannot dispute the Bankruptcy Court's finding of fact that Pidot was placed on notice of the hearing date and nevertheless did not show up.  *Konop*, 411 B.R. at 682.  The Bankruptcy Court's finding that Pidot was placed on notice is not "illogical, implausible, or without support in the record."  *In re Leafty*, 479 B.R. at 550.  To the contrary, in its Reconsideration Order, the Bankruptcy Court cited the May 9, 2023 transcript as evidence that Pidot was on actual notice of the June 15, 2023 hearing date.  ECF No. 7 at PageID.530–531.  Thus, the Bankruptcy Court did not abuse its discretion in issuing its Reconsideration Order.

## V.     CONCLUSION

For the foregoing reasons, the court AFFIRMS the Bankruptcy Court's Dismissal Order and Reconsideration Order.  The Clerk of Court shall close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 5, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*In re: Rowena Ruby Rupinta Pidot*, Civ. No. 23-00302 JMS-RT, Order Affirming Orders of Bankruptcy Court